Benedetto Tartaglia
vs.
Lorenzo Deacutis } W. C. A. No. 777

November 5, 1927.

TANNER, P. J. This is a Workmen's Compensation case in which the defence was that there was no accident since the workman sprained his shoulder by lifting a wheelbarrow with a heavy load.

We think under the authorities that this was an accident.

1st Hunnold, W. C. A. cases, p. 281;

Walsh vs. River Spinning Co., 41 R. I. 490.

For petitioner: A. L. Conaty.

For respondent: F. J. McOsker.

---

Frank E. Ropusa, et al.
vs.
What Cheer Chemical Company } Eq. No. 8251

November 5, 1927.

TANNER, P. J. This is a bill in equity heard upon its merits, in which the complainants, who are owners of houses in the vicinity of a rendering plant which the respondent desires to establish, seek to enjoin as a nuisance the establishment and maintenance of said rendering plant.

The evidence establishes the fact that the respondent intends to install the latest improved process of rendering. This consists essentially in cooking the animal matter to be rendered in a closed receptacle and provides that all the odors which result are carried through closed pipes into the sewer. This differs from the old process of rendering, which consisted in boiling the animal matter in an open vessel and discharging the odors into the atmosphere. Respondent also claims that it does not intend to render the dead bodies of animals as such, but merely to collect from markets and hotels the meat trimmings and refuse.

A great deal of testimony has been introduced by the respondent to the effect that the process to be employed by it does not result in discharging offensive odors into the surrounding atmosphere. The complainants, on the other hand, have introduced evidence to the effect that the improved rendering plants do discharge offensive odors. Complainants have introduced the testimony of neighbors near a rendering plant in Woonsocket said to be the modern type, to the effect that during the summer months this establishment does discharge offensive odors. It appears, however, that this establishment is in the habit of cutting up the bodies and entrails of horses and other animals. This practice, we think, might result in the offensive odors complained of. The respondent, as before said, however, claims that it does not intend to pursue this practice of cutting up dead bodies at its place of business.

We do not feel that we should say in advance that the business sought to be carried on by the respondent is a per se nuisance nor that we should enjoin it before there is evidence as to how this particular plant is run and that this particular plant is in fact a nuisance.

The respondent has introduced in evidence a permit or license from the Superintendent of Health of the City of Pawtucket permitting it to run a rendering plant.

Sec. 12 of Chap. 119 of the General Laws of Rhode Island, 1923, says: "Whenever the town council of any town shall have designated and established therein a place in which the business of boiling bones, depositing filth, keeping swine, or slaughtering cattle or other animals, may be carried on, as herein provided, every person who shall carry on such business in any other place shall be fined fifty dollars for each day on which he shall carry on the same."

The authority of a town or city to

license a rendering plant must be deduced from this section. The only part of said section which may be said to refer to the rendering business is that of boiling bones. The process which the respondent seeks to install is not a process of boiling bones, but a baking. We therefore doubt if the town council or the Superintendent of Health of the City of Pawtucket has authority to license such a rendering plant as the respondent proposes to establish.

Sec. 13 of Chap. 1148 of the January Session, 1914, Public Laws of Rhode Island, provides that the Superintendent of Health in Pawtucket may designate the manner and place of slaughtering cattle. Sec. 19 of said Chapter provides that the authorities and powers conferred by law on town councils and boards of aldermen in relation to health matters are conferred upon the Superintendent of Health of the City of Pawtucket.

This might by implication confer authority upon said Superintendent of Health to license a rendering plant if a rendering plant is synonymous with a bone boiling plant, as provided in Sec. 12 of Chapter 119, General Laws of 1923. As we have already said, we do not think the plant proposed by the respondent is one for boiling bones and could not, therefore, be licensed by the Superintendent of Health as a rendering plant which means one for boiling bones.

Such a license would be useful to the respondent in this case merely to exclude it from the class of nuisances per se and make it incumbent upon the complainants to prove that they were negligently or improperly conducting a business they were authorized to carry on. Inasmuch, however, as we have already held that we can not say in advance that this proposed plant is a per se nuisance, such a license is not necessary for a defence of the case by the respondent.

We shall therefore dismiss the bill without prejudice to the bringing of another bill if it should prove that the respondent is maintaining a nuisance.

For complainants: Arthur Cushing.

For respondent: Tillinghast and Lynch and Daniel A. Morrissey.

